# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| GERALD RAY WEDEL and LETHA WEDEL, | )<br>)<br>) |
| Plaintiffs, | )<br>) |
| vs. | ) Case No. 10-1079-MLB-DWB<br>) |
| SCOTT McGLASSON, *et al.*, | )<br>) |
| Defendants. | )<br>) |

## ORDER ON IFP STATUS

Plaintiffs Gerald Ray Wedel and Letha Wedel filed their Complaint against Defendants on March 19, 2010, alleging violations of their rights under the U.S. and State of Kansas Constitutions, the Fair Debt Collection Practices Act, and the Privacy Act of 1974. (Doc. 1.) Plaintiffs also filed a Motion to Proceed Without Prepayment of Fees (*IFP* Application), which includes an Affidavit of Financial Status. (Doc. 3, sealed.) Having reviewed Plaintiffs' motion, as well as their Complaint, the Court is prepared to rule.

Under 28 U.S.C. § 1915(a), a federal court may authorize commencement of an action without prepayment of fees, costs, etc., by a person who lacks financial means. 28 U.S.C. § 1915(a). In so doing, the court considers the affidavit of

financial status included with the application. *See id.*

There is a liberal policy toward permitting proceedings *in forma pauperis* when necessary to ensure that the courts are available to all citizens, not just those who can afford to pay. *See generally,* **Yellen v. Cooper**, 828 F.2d 1471 (10th Cir. 1987). In construing the application and affidavit, courts generally seek to compare an applicant's monthly expenses to monthly income. *See* **Patillo v. N. Am. Van Lines, Inc**., No. 02-2162, 2002 WL 1162684, at *1 (D.Kan. Apr. 15, 2002); **Webb v. Cessna Aircraft**, No. 00-2229, 2000 WL 1025575, at *1 (D.Kan. July 17, 2000) (denying motion because "Plaintiff is employed, with monthly income exceeding her monthly expenses by approximately $600.00").

According to the supporting financial affidavit, Plaintiffs, who are 65 and 62 years old, are married with no dependents. (Doc. 3, sealed, at 2-3.) Mr. Wedel is currently unemployed and, despite clear instructions to the contrary, lists no previous employer on the financial affidavit. (*Id*., at 3-4.) He does, however, apparently receive a sizeable monthly Social Security disability payment. (*Id*., at 6.) Mrs. Wedel has been employed for three years by Arrowhead West, Inc. as a "job coach for the mentally challenged," making a modest monthly wage. (*Id*., at 4.)

Plaintiffs own no real property. (*Id*., at 4.) They also indicate they do not

own an automobile, but list a monthly expense for car insurance, which seems unusual in the Court's opinion. (*Id*., at 5, 6.) They enumerate reasonable monthly expenses, including a modest rental payment and the typical monthly bills, such as groceries, gas, telephone, utilities, and health insurance. (*Id*., at 6.) They also list other monthly expenses, including a sizeable amount for medication, propane, and "house," which the Court surmises is home/renters insurance. (*Id*., at 6.) Finally, Plaintiffs list several significant outstanding debts, including medical bills and very large tax liens owed to the federal and state governments. (*Id*., at 7.) They list no cash on hand or other assets, and have previously filed for bankruptcy. (*Id*., 5, 7.)

Considering all of the information contained in the financial affidavit, certain questions regarding Plaintiffs' financial picture remain unanswered. For instance, the required information regarding Mr. Wedel's prior employment is missing. Further, the Court would be interested to know why Plaintiffs pay over $90.00 per month for car insurance when they indicate they do not own an automobile. Finally, considering Plaintiffs' monthly income (consisting of disability payments and Mrs. Wedel's income), it would appear that Plaintiffs' monthly expenses exceed their income by approximately $900 per month. Their financial affidavit provides no explanation as to how they deal with this monthly monetary shortfall.

Regardless, the Court is satisfied that Plaintiffs have significant yet reasonable monthly expenses – as well as sizeable outstanding debt – with modest income.  Given their notable financial shortfall, the Court finds that Plaintiffs have established that their access to the Courts would otherwise be seriously impaired and that they are entitled to file this action without payment of fees and costs.  Therefore, the Court **GRANTS** Plaintiffs leave to proceed *in forma pauperis* and directs that this case be filed without payment of a filing fee.

**IT IS THEREFORE ORDERED** that Plaintiffs' Motion to Proceed Without Prepayment of Fees (Doc. 3, sealed) is **GRANTED**.

**IT IS FURTHER ORDERED** that the Clerk's office shall proceed to issue summons in this case at the addresses shown in the Complaint.  *See* Doc. 1, at 4.

Dated at Wichita, Kansas, on this 26th day of April, 2010.

    s/ DONALD W. BOSTWICK
DONALD W. BOSTWICK
United States Magistrate Judge