**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF KANSAS**

GERALD RAY WEDEL and LETHA WEDEL, )
)
                Plaintiffs, ) **CIVIL ACTION**
)
v. ) No. 10-1079-MLB-DWB
)
SCOTT MCGLASSON, et al., )
)
                Defendants. )

**MEMORANDUM AND ORDER**

Before the court are the following:

1. Plaintiffs Gerald and Letha Wedel's amended complaint (Doc. 7).

2. Defendants' motions to dismiss (Docs. 18, 19, 24-27) and memoranda in support (Docs. 18, 19, 20, 24-27). and defendants' response to plaintiffs' motion to strike and reply to motion to dismiss (Doc. 36).

3. Plaintiffs' motions to strike defendants' motions to dismiss (Docs. 23, 29, 31).

4. Plaintiffs' motion for default judgment (Doc. 40) and defendants' responses (Docs. 41, 43, 45).

5. Plaintiffs Gerald and Letha Wedel's motion for an emergency injunction (Doc. 34), defendants' responses (Docs. 35, 44), and Plaintiffs' reply (Doc. 47).

The file contains additional submissions which the court has reviewed but which do not require separate listing, discussion, and ruling.

**I.   BACKGROUND**

On July 28, 2006, the Kansas Department of Revenue ("KDR") issued a tax warrant against plaintiffs because they failed to pay personal income taxes in the amount of $8,505.20. The warrant was filed in the district court of Haskell County. The Haskell County sheriff was unable to locate any personal property of plaintiffs to levy against.

On August 22, 2008, Defendant Scott McGlasson filed a request for wage garnishment. An order dated August 28, 2008, was issued listing Arrowhead West, Inc. as the garnishee. A garnishment of $273.55 was received.

On November 14, 2008, a second request for non-wage garnishment was issued. An order dated December 17, 2008, was issued listing Johnson State Bank in Stanton County as the garnishee. On December 19, 2008, the bank reported that it $12.38 in plaintiffs' names.

Plaintiffs claim that their Constitutional rights have been violated because the garnishments were issued without a judge having been assigned to the case and that summons was issued, which did not bear the court's seal, which were not served on plaintiffs. Plaintiffs also claim that their requests for hearings on the garnishments were refused by a state judge. The involvement of most, if not all, of the defendants is not alleged in the amended complaint, so the court cannot determine what they did, or failed to do. (Doc. 7).

**II.   PLAINTIFFS' PRO SE STATUS**

The court is mindful that plaintiffs are proceeding pro se. It has long been the rule that pro se pleadings, including complaints, must be liberally construed. See Hall v. Bellmon, 935 F.2d 1106, 1110

& n.3 (10th Cir. 1991); Hill v. Corrections Corp. of America, 14 F. Supp.2d 1235, 1237 (D. Kan. 1998). This rule requires the court to look beyond a failure to cite proper legal authority, confusion of legal theories, and poor syntax or sentence construction. See Hall, 935 F.2d at 1110. Liberal construction does not, however, require this court to assume the role of advocate for the pro se litigant. See id. Plaintiffs are expected to construct their own arguments or theories and adhere to the same rules of procedure that govern any other litigant in this district. See id.; Hill, 14 F. Supp.2d at 1237. A pro se litigant is still expected to follow fundamental procedural rules. Ogden v. San Juan County, 32 F.3d 452, 455 (10th Cir. 1994).

**III. ANALYSIS**

 **A. Amended Complaint (Doc. 7)**

The court has reviewed plaintiffs' amended complaint. It appears as though plaintiffs' amended complaint is identical to their original complaint, minus the 105 pages of attachments and exhibits. Additionally, plaintiffs request a jury trial in their amended complaint.

The claims in plaintiffs' amended complaint appear to be frivolous and subject to dismissal for that reason alone.

> A district court "shall dismiss" an in forma pauperis complaint "at any time if the court determines that ... the action or appeal ... is frivolous or malicious." 28 U.S.C. § 1915(e)(2)(B)(i). "Mindful that pro se actions are held to a less stringent standard of review and that sua sponte dismissals are generally disfavored by the courts, we nonetheless allow a complaint to be dismissed [as frivolous] if the plaintiff cannot make a rational argument on the law and facts in support of her claim."

Triplett v. Triplett, No. 05-3354, 2006 WL 182060, at *2 (10th Cir.

Jan. 26 ,2006).

Although dismissal is an appropriate option because plaintiffs' claims appear to be frivolous, the court believes it best serves the purposes of Fed. R. Civ. P. 1 to consider defendants' motions.

**B. Motions to Dismiss (Docs. 18, 19, 24-27)**

Claims

Defendants Scott McGlasson and Linebarger Goggan Blair & Sampson, LLP ("Linebarger") move to dismiss plaintiffs' amended complaint pursuant to Fed. R. Civ. P. 8(a)(1) and 12(b)(1) and (6). First, defendants contend that the Tax Injunction Act, 28 U.S.C. § 1341, preclude jurisdiction over plaintiffs' claims.

The jurisdiction of federal courts is limited. Marcus v. Kansas Dept. of Revenue, 170 F.3d 1305, 1309 (10th Cir. 1999)(stating that "there is a presumption against our jurisdiction, and the party invoking federal jurisdiction bears the burden of proof[]"). Once it becomes apparent that a court lacks subject matter jurisdiction, it must dismiss the action. Id.

The Tax Injunction Act provides: "[t]he district courts shall not enjoin, suspend or restrain the assessment, levy or collection of any tax under State law where a plain, speedy and efficient remedy may be had in the courts of such State." 28 U.S.C. § 1341. "The purposes of the Act are 'to promote comity and to afford states the broadest independence, consistent with the federal constitution, in the administration of their affairs, particularly revenue raising.'" Marcus, 170 F.3d at 1309.

In Kansas, a judgment debtor is to receive notice after the order of garnishment is served on the garnishee. K.S.A. 60-735(a). Kansas

law provides that if notice of the garnishment is not timely served on the judgment debtor, then that order of garnishment shall be dissolved. Nelson v. Thornberg, 504 F. Supp. 199, 202 (D. Kan. 1980). Kansas law further permits a judgment debtor to request a hearing if it is timely filed. K.S.A. 60-735(3). "If such a hearing is requested, the judgment debtor bears the burden of proof to show that any of the funds in question are exempt from garnishment." K.S.A. 60-735(c); LSF Franchise REO I, LLC v. Emporia Restaurants, Inc., 283 Kan. 13, 21, 152 P.3d 34, 41 (2007).

Plaintiffs claim that they were not served the garnishment orders (Doc 1 at 11-12) and that they requested hearings regarding the garnishments on October 2 and December 2008. (Doc. 1 at 32). A hearing was set for January 28, 2009, but was cancelled. (Doc. 1 at 23).

The court finds that Kansas law provides a plain, speedy, and efficient remedy to have addressed plaintiffs' claims. If plaintiffs were not properly served, then the garnishments should be dissolved as stated in Nelson. 504 F. Supp. at 202. "Under Kansas law, garnishment is an extraordinary remedy and the statutory procedures must be strictly followed." Id. Kansas has a procedure set in place for plaintiffs' to request a hearing and challenge the garnishments. See In re Department of Energy Stripper Well Exemption Litigation, 739 F. Supp. 1449, 1452 (D. Kan. 1990) ("The state remedy must provide the taxpayer with a full hearing and judicial determination at which the taxpayer may raise any and all constitutional objections to the tax."). The Tax Injunction Act precludes jurisdiction over plaintiffs' claims regarding the alleged errors in the garnishment

orders and procedure.

To the extent that plaintiffs are making claims under 42 U.S.C. § 1983, "the Tax Injunction Act does not proscribe jurisdiction on its face. However, it is well settled that the doctrine of comity prohibits district courts from exercising jurisdiction." Hughes v. Barton, No. 95-4042, 1995 WL 386807, at *2 (10th Cir. June 30, 1995).

> The doctrine of comity bars damage actions challenging the validity of state tax systems in federal court. Taxpayers must seek protection of their federal rights by state remedies, provided those remedies are plain, adequate, and complete. The taxpayer may ultimately seek review of the state decision in the United States Supreme Court. Fair Assessment in Real Estate Association, Inc. v. McNary, 454 U.S. 100, 116, 102 S. Ct. 177, 186, 70 L. Ed.2d 271 (1981). The doctrine of comity provides a basis for reaching the same conclusion as the Tax Injunction Act-that the court lacks subject matter jurisdiction. Brooks v. Nance, 801 F.2d 1237, 1340-41 (10th Cir. 1986).

In re Department of Energy Stripper Well Exemption Litigation, 739 F. Supp. at 1452-53. Therefore, the court lacks jurisdiction over plaintiffs' § 1983 claims.

Additionally, the court finds that the Rooker-Feldman doctrine bars jurisdiction over plaintiffs' claims that defendants violated the Fair Debt Collection Practices Act. The Rooker-Feldman doctrine provides that federal courts, other than the United States Supreme Court, lack jurisdiction to adjudicate claims seeking review of state court judgments. Bisbee v. McCarty, No. 00-1115, 2001 WL 91411, at *2 (10th Cir. 2001). The Rooker-Feldman doctrine also covers claims that are "inextricably intertwined" with a prior state court judgment. Id.

Plaintiffs are not explicitly seeking a direct review of the Haskell County District Court garnishment orders, but instead claim

-6-

that they were denied proper service and a hearing. Because Kansas law requires notice of garnishments to the judgment debtor within a reasonable time or else the garnishment must be dissolved, the court finds that plaintiffs' claims are inextricably intertwined with the garnishment orders. Plaintiffs also contend that Martin wrongly issued the garnishment without a judge's signature and before a judge was assigned to their case. "If adjudication of a claim in federal court would require the court to determine that a state court judgment was erroneously entered or was void, the claim is inextricably intertwined with the merits of the state court judgment." Bisbee, 2001 WL 91411 at 2. Additionally, plaintiffs may seek review of the garnishment orders in the Kansas appellate courts. Id.

The court finds that the Tax Injunction Act, doctrine of comity, and Rooker-Feldman doctrine prevent subject matter jurisdiction over plaintiffs' claims. However, plaintiffs' amended complaint does not allege how each defendant's conduct violated their Constitutional rights and it is impossible to determine defendants' involvement. The Tax Injunction Act may or may not apply to all defendants. Therefore, the court will address the issue of immunity.

### Immunity

Defendants Toni Martin, Clerk of the Court for Haskell County District Court, the Honorable Bradley E. Ambrosier, and Assistant Attorney General Steve Phillips move to dismiss plaintiffs' amended complaint based on Eleventh Amendment and judicial immunity and Fed. R. Civ. P. 12(b)(6).

"The Eleventh Amendment provides: 'The Judicial power of the United States shall not be construed to extend to any suit in law or

equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State.'" U.S. Const. Amend. 11; Meade v. Grubbs, 841 F.2d 1512, 1524-25 (10th Cir. 1988). The Eleventh Amendment also bars suits against the state, its agencies, and officers acting in their official capacities from the state's own citizens. Meade, 841 F.2d at 1525.

Plaintiffs seek monetary damages. To the extent that their claims are against Martin, Judge Ambrosier, and Phillips in their official capacity, the Eleventh Amendment bars suit in federal court. See Meade, 841 F.2d at 1525 (holding that the Attorney General's office is an arm of the State); Clay v. Smith, No. Civ-08-85-W, 2008 WL 4533993, at *4 (W. D. Okla. Oct. 2, 2008) (holding that judge was immune from suit under the Eleventh Amendment). Defendants have not waived immunity nor has Congress abrogated immunity.

In addition, Martin and Judge Ambrosier are entitled to quasi-judicial immunity. Judges enjoy absolute immunity "from civil liability for judicial acts, unless committed in clear absence of all jurisdiction, and the same immunity continues even if "'flawed by the commission of grave procedural errors.'" Coleman v. Farnsworth, No. 03-3296, 2004 WL 339590, at *3 (10th Cir. Feb. 24, 2004). The same immunity extends to court clerks in performing duties integral to the judicial process, i.e. "judicial acts." Id.; Koskella v. Zimmer, No. CIV-07-533-R, 2007 WL 4302923, at *1 (D. Utah Dec. 6, 2007).

Plaintiffs' claims for monetary damages against Martin, Judge Ambrosier, and Phillips, in their respective official capacities, are dismissed.

Phillips also moves to dismiss plaintiffs' amended complaint

-8-

under Fed. R. Civ. P. 12(b)(6). The standards this court must utilize upon a motion to dismiss are well known. To withstand a motion to dismiss for failure to state a claim, a complaint must contain enough allegations of fact to state a claim to relief that is plausible on its face. Robbins v. Oklahoma, 519 F.3d 1242, 1247 (10th Cir. 2008) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 1974 (2007)). All well-pleaded facts and the reasonable inferences derived from those facts are viewed in the light most favorable to the plaintiff. Archuleta v. Wagner, 523 F.3d 1278, 1283 (10th Cir. 2008). Conclusory allegations, however, have no bearing upon this court's consideration. Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009); Shero v. City of Grove, Okla., 510 F.3d 1196, 1200 (10th Cir. 2007). In the end, the issue is not whether the plaintiff will ultimately prevail, but whether he or she is entitled to offer evidence to support the claims. Beedle v. Wilson, 422 F.3d 1059, 1063 (10th Cir. 2005).

Plaintiffs' amended complaint alleges they were harmed when Martin issued garnishment orders without signature of a judge and before a judge was assigned to the case. While plaintiffs name Phillips as an additional defendant, they do not allege any conduct done by Phillips that caused them harm in their amended complaint. Instead plaintiffs' submissions with their original complaint show that "Phillips wrote a letter advising that the Clerk of Court Martin was not a party to the plaintiffs' tax warrant collection matter and that discovery directed at her would not be answered." (Doc. 27 at 10).

Additionally, Phillips was not acting under color of state law. Under 42 U.S.C. § 1983, plaintiffs must allege that Phillips was

-9-

acting under color of state law. Barnard v. Young, 720 F.2d 1188, 1189 (10th Cir. 1983). The general rule is "[l]awyers do not act under color of state law solely by engaging in private litigation on behalf of their clients." Brown v. Chaffee, 612 F.2d 497, 501 (10th Cir. 1979); Hunter v. Kansas, No. 08-3075-SAC, 2008 WL 2397559, at *3 (D. Kan. June 10, 2008).

With the exception of the facts regarding Martin's filing of the garnishments and alleged lack of due process, plaintiffs' amended complaint sets forth nothing more than conclusory allegations regarding defendants. More important, there are no alleged facts concerning Phillips in plaintiffs' amended complaint. Conclusory allegations with no factual support are insufficient to show state action. Hunt v. Bennett, 17 F.3d 1263, 1268 (10th Cir. 1994). Therefore plaintiffs' claims against Phillips in his individual capacity are dismissed.

Plaintiffs' claims are dismissed for the following reasons: 1) they appear to be frivolous; 2) the Tax Injunction Act, doctrine of comity, and Rooker-Feldman doctrine precludes the court's subject matter jurisdiction over plaintiffs' claims; 3) Eleventh Amendment and judicial immunity bar plaintiffs' claims over some, if not all, defendants; 4) failure to state a claim under Fed. R. Civ. P. 12(b)(6); and 5) based upon additional submissions presented by defendants in their motions to dismiss.

### C. Default Judgment (Doc. 40)

Plaintiffs move for a default judgment because no defendants have answered the summons with the claim or disputed or denied any facts.

Defendants have filed motions to dismiss pursuant to Fed. R. Civ. P. 12(b)(1) and (6). Defendants in a civil lawsuit are not required to answer or deny facts in a complaint prior to filing motions permitted by Federal Rule of Civil Procedure 12. "Ordinarily, a defendant need not file an answer until ten days after the court has ruled on any motions permitted by Rule 12." <u>Merchants Nat. Bank, Topeka, Kan. for Stowers v. Safrabank (California)</u>, No. 90-4194-R, 1991 WL 173784, at *1 (D. Kan. 1991). A motion to dismiss for failure to state a claim must be filed before making a responsive pleading. Fed. R. Civ. P. 12(b).

Because defendants have filed motions to dismiss, plaintiffs are not entitled to a default judgment. <u>See</u> Fed. R. Civ. P. 55(a) (applicable when a party has failed to plead or otherwise defend). Plaintiffs' motion for default judgment is denied.

### D. Injunction (Doc. 34)

Plaintiffs also move for an injunction because no defendants have answered the summons with the claim or disputed or denied any facts. Plaintiffs also make conclusory allegations that defendants violated federal and state law.

For the same reasons as detailed above (<u>see</u> default judgment section) defendants have timely responded to plaintiffs' amended complaint in the appropriate manner. Plaintiffs' motion for an emergency injunction is denied.

### IV. CONCLUSION

For the reasons stated more fully herein, defendants' motions to dismiss plaintiffs' amended complaint (Docs. 18, 19, 24-27) are granted. Plaintiffs' claims are dismissed.

Plaintiffs' motions to strike defendants' motions to dismiss (Docs. 23, 29, 31) are denied.  Plaintiffs' motion for default judgment and an emergency injunction (Docs. 34, 40) are denied.

A motion for reconsideration of this order is not encouraged. The standards governing motions to reconsider are well established. A motion to reconsider is appropriate where the court has obviously misapprehended a party's position or the facts or applicable law, or where the party produces new evidence that could not have been obtained through the exercise of reasonable diligence.  Revisiting the issues already addressed is not the purpose of a motion to reconsider and advancing new arguments or supporting facts which were otherwise available for presentation when the original motion was briefed or argued is inappropriate.  Comeau v. Rupp, 810 F. Supp. 1172 (D. Kan. 1992).  Any such motion shall not exceed three double-spaced pages and shall strictly comply with the standards enunciated by this court in Comeau.  A non-compliant motion shall not be filed.

## V. SPECIAL ORDERS

At the present time, plaintiffs have several cases pending in this court: 10-01134-EFM-JPO filed April 28, 2010; 10-01148-EFM-KMH filed May 12, 2010; and 10-01156-CM-GLR filed May 19, 2010. Plaintiffs' case, 10-01069-CM-KMH filed March 9, 2010, is closed because defendants' motions to dismiss were granted. (Doc. 56).  In the event plaintiffs' attempt to file an additional case or cases which are assigned to the undersigned judge, the clerk is directed not to file the case, whether or not the filing fee is paid, but instead

to send the submission to the undersigned for ruling pursuant to 28 U.S.C. § 1915.

IT IS SO ORDERED.

Dated this 26th day of July 2010, at Wichita, Kansas.

s/ Monti L. Belot
Monti L. Belot
UNITED STATES DISTRICT JUDGE